UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:11-cr-04-DLB

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

V.                     **MAGISTRATE JUDGE'S**
                     **REPORT AND RECOMMENDATION**

ERIC CHRISTOPHER JUSTICE,                                       DEFENDANT.

***** ***** *****

This matter came before the Court for a final revocation hearing on July 29, 2013, as a result of a Supervised Release Violation Report dated October 18, 2012 and an Addendum to the Supervised Release Violation Report dated May 31, 2013. The report and addendum outline three (3) total violations of Defendant's Supervised Release: one (1) violation of Supervised Release Standard Condition #5 "The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons"; and two (2) violations of Supervised Release Condition, stating: "The defendant shall not commit another federal, state, or local crime." At the final hearing, Mr. Justice was present and represented by appointed counsel, Michael Curtis, and the United States by and through Assistant United States Attorney Elaine Leonhard. The Record in this action reflects that Justice plead guilty to Theft by Unlawful Taking in violation of KRS 511.040, a Class D Felony, in Boyd Circuit Court Criminal Action No. 12-CR-362, and Burglary, 3rd Degree in violation of KRS 514.030, a Class D Felony, in Boyd Circuit Court Criminal Action No. 12-CR-426. As a result, the Court found that Justice had committed violations of state laws during the term of his supervised release, in violation of his conditions of supervision. In addition, Justice admitted to these two (2) violations, and waived his right of allocution before

a United States District Judge.  The matter now stands submitted for a recommendation from the undersigned.  For the reasons that follow, the undersigned will recommend that the Court impose a sentence of twelve months incarceration with no supervised release to follow.

## **RECOMMENDATION**

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

(i)  The nature and circumstances of the offense.  In the instant matter, the Defendant violated Kentucky law on two separate occasions.  First, on September 18, 2013, Justice entered an office of Kings Daughters Medical Center and removed cash boxes containing $580.00 in cash.  Second, on September 20, 2013, Justice was observed carrying copper wire from the 5th floor of Medical Plaza B of Kings Daughters Medical Center, and admitted to stealing the material. These Class D Felony violations of state law constitute Grade B violations of his conditions of supervised release.

(ii)  The history and characteristics of the defendant.  On February 11, 2008, after pleading guilty to the charge Introduction of Misbranded Drugs into Interstate Commerce, in violation of Title 21 U.S.C. § 331(a) and 333(a)(2), Justice was sentenced to twenty (20) months imprisonment followed by one year of supervised release.  He began his term of supervised release on July 26, 2012.  Then, on September 18 and 20, 2012, he committed the violations that form the basis of this matter.  On March 8, 2013, he was sentenced to three years imprisonment on each of the state court convictions to run concurrently.  The Defendant has been in the custody of the Kentucky Department of Corrections serving his state sentences since April 8, 2010.

(iii)  The need for the sentence to reflect the seriousness of the offense; to promote

respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant. The Court notes that the United States has asked for a period of twelve (12) months incarceration without supervised release to follow.  The Defendant has asked for a split sentence of six months incarceration with six months supervision, and asks to the Court to consider that since being arrested on the state charges, he has served ten months in state custody prior to his parole. However, considering the Defendant's criminal history category of VI, the instant violations in this matter and the fact that they were committed two days apart barely two months following his release from imprisonment, the Court finds that a term of imprisonment of twelve months is necessary to address the concerns embodied in 18 U.S.C. § 3553.  In reaching this conclusion, the Court is mindful of the fact that such a term of imprisonment is far less than that recommended under the sentencing guidelines.

(iv) The sentencing guideline recommendation for imprisonment and statutory limitations.  In the instant matter, the most serious of the violations committed by the Defendant is a Grade B violation, and under § 7B1.4(a), based on the Defendant's criminal history category of VI, the guideline range of imprisonment would be twenty-one (21) to twenty-seven (27) months.  The maximum statutory period of imprisonment would be a term of not more than twelve (12) months. *See* 18 U.S.C. § 3583(e)(3).  The maximum statutory reimposition of supervised release would be a term of one (1) year less any term of imprisonment imposed upon revocation. *See*   18 U.S.C. § 3583(h).  The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

  (1)  That the Defendant be found to have committed two (2) violations outlined above;

  (2)  That the Defendant be sentenced to a term of incarceration of twelve (12) months, with no supervised release to follow; and

  (2)  That the violation charging that the Defendant failed to work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons, by DISMISSED on motion of the United States.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995).

Signed July 30, 2013.



Signed By:
<u>Edward B. Atkins</u> *EBA*
United States Magistrate Judge